DECISION
Plaintiff appeals concerning certain personal income tax matters for the 2002 tax year.
A trial was convened on October 16, 2008. Emanuel R. Beaulieu testified on his own behalf. Appearing for Defendant was David #3128, tax auditor. Subsequently, written submissions were filed; the record closed December 17, 2008.
 I. STATEMENT OF FACTS
Plaintiff received notice of adjustments made to his 2002 federal income tax liability. A Revenue Agent Report (RAR) was issued on June 16, 2005. Defendant received its official copy on March 20, 2006.
On his original federal return, Plaintiff reported $11,889 in adjusted gross income. The RAR corrected that figure, based on evidence reviewed, to total $155,787. That resulted in a new tax balance due of $48,053.
Based on that federal RAR, Defendant made the same adjustments to Plaintiff's 2002 Oregon personal income tax. A deficiency notice was issued on October 25, 2007. *Page 2 
Plaintiff has appealed to this court and contends "Defendant is in error because the Oregon income tax is based upon a Federal income tax liability. There is no Federal income tax liability." (Ptf's Compl at 1.) Plaintiff stated he had filed a federal protest and had prevailed for the 2002 tax year.
There is no substantive evidence that demonstrates the 2002 federal adjustment was ever modified after the RAR was initially issued. The court allowed Plaintiff substantial time to prove his claims. On November 13, 2008, he filed "the only document I could find that resembles" the evidence to prove his claim. Attached was a notice from the Internal Revenue Service of intent to levy on certain assets. It referenced the 2002 tax year and cited a current balance due of $67,497.84. That is not substantive proof that the initial assessment was cancelled or reduced.
 II. ANALYSIS
Defendant followed the federal RAR for 2002. That was a permitted procedure. ORS 314.410(3)(b)(A).[1] Similarly, if upon later review, the federal IRS made a reduction in the original deficiency assessed, Defendant's representative stated he would do the same.
Despite claims to the contrary, there is no proof that a formal federal appeal was ever perfected. Plaintiff has not shown the Oregon assessment to be incorrect or improper.
Plaintiff has the burden of proof and must establish his case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." Reed v. Dept. of Rev., 310 Or 260, 265,798 P2d 235 (1990). Plaintiff has not met that statutory requirement in this record. *Page 3 
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ______ day of February 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on February5, 2009. The Court filed and entered this document on February 5,2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1